**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JAGTAR SINGH,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-261-G** |
| | ) | |
| **MARKWAYNE MULLIN, Secretary of U.S. Department of Homeland Security, et al.,** | ) | |
| | ) | |
| **Respondents.**[1] | ) | |

**ORDER**

Petitioner Jagtar Singh filed a Petition for Writ of Habeas Corpus (Doc. No. 2) pursuant to 28 U.S.C. § 2241, challenging his detention by U.S. Immigration and Customs Enforcement.

On May 6, 2026, certain Respondents filed a Notice (Doc. No. 16), stating that the Executive Office for Immigration Review had denied Petitioner's motion to reopen Petitioner's removal proceedings and that an Immigration Judge had ordered Petitioner removed to India. *See id.* at 1.[2] Petitioner's removal was scheduled to occur after expiration of a 72-hour notice period. *See id.* at 2.

---

[1] Sirce E. Owen, Acting Director of the Executive Office for Immigration Review, is hereby substituted as respondent for Daren Margolin pursuant to Rules 25(d) and 81(a)(4) of the Federal Rules of Civil Procedure.

[2] The appearing Respondents are: Secretary Mullin; Todd Blanche, United States Attorney General; David J. Venturella, Acting Director, U.S. Immigration and Customs Enforcement; Joshua Johnson, Field Office Director of Enforcement and Removal Operations, Dallas Field Office, Immigration and Customs Enforcement; and Acting Director Owen.

The Court directed Petitioner to show cause why the Petition should not be dismissed as moot. *See* Order to Show Cause (Doc. No. 17). In a Response (Doc. No. 18), Petitioner's counsel states that "Petitioner has been removed from the United States" and that "Petitioner does not oppose dismissal of the Petition as moot." *Id.* at 1.

The record therefore reflects that dismissal is warranted, as "[t]here is no relief the Court can grant." *Bermudez v. Figueroa*, No. CIV-26-179-JD, 2026 WL 925524, at *2 (W.D. Okla. Apr. 6, 2026); *see also Jordan v. Sosa*, 654 F.3d 1012, 1023 (10th Cir. 2011) ("The mootness doctrine provides that although there may be an actual and justiciable controversy at the time the litigation is commenced, once that controversy ceases to exist, the federal court must dismiss the action for want of jurisdiction." (internal quotation marks omitted)).

CONCLUSION

Accordingly, the Petition for Writ of Habeas Corpus (Doc. No. 2) is DISMISSED as moot. A separate judgment shall be entered.

IT IS SO ORDERED this 23rd day of September, 2026.

Charles B. Goodwin

CHARLES B. GOODWIN
United States District Judge